# JUDGE FURMAN

# 13 CIV 4031

MATALON ♦ SHWEKY ♦ ELMAN PLLC
450 Seventh Avenue, 33d Floor
New York, New York 10123
(212) 244-9000
*Attorneys for Plaintiffs*



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

**THOR REALTY LLC and THOR EQUITIES, LLC,**

                   **Plaintiffs,**

           -against-

**THOR REALTY, LLC, THOR REALTY
HOLDINGS, LLC, THOR ASSET
MANAGEMENT INC., THOR ASSET
MANAGEMENT USA LLC,
THOR CAPITAL, LLC,
and THOR UNITED CORP.,**

                  **Defendants.**
-------------------------------------------------------------- X

Civil Action No.: _____

           **ECF Case**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs Thor Realty LLC and Thor Equities, LLC (collectively "Thor"), through their

undersigned counsel, for their complaint against defendants, allege:

### Preliminary Statement

      1.     This is an action for unfair competition and trade name, trademark and service

mark infringement of plaintiffs' well-known name and registered marks THOR EQUITIES®,

THOR PROPERTIES® and THOR URBAN®.  The lawsuit arises under the laws of the United

States, specifically, the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and 1125(c), the

laws of the State of New York relating to unfair competition, deceptive trade practices and false

and misleading advertising, and trade name, trademark, and service mark infringement, including

New York General Business Law §§ 349, 350, 360-k and 360-l, and common law.

## Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and the Lanham Act, 15 U.S.C. §§ 1114 et. seq.  The Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367(a).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that it is where Plaintiffs reside and defendants' transact business and/or maintain an office or business location in this district, and a substantial portion of the events giving rise to the asserted claims have occurred and continue to occur within this district.  Further, the damage to Plaintiffs and their intellectual property continues to occur in this judicial district.

## Parties

4.      Plaintiff Thor Equities, LLC is a limited liability company organized and existing under the laws of Delaware and authorized to do business in New York, with its principal place of business at 25 West 39th Street, New York, New York.

5.      Plaintiff Thor Realty LLC is a limited liability company organized under the laws of  Delaware and authorized to do business in New York, with its principal place of business c/o Thor Equities, LLC, at 25 West 39th Street, New York, New York.

6.      Upon information and belief, defendant Thor Realty, LLC ("Realty") is a limited liability company organized under the laws of New York with its principal place of business in New York, New York.

7.      Upon information and belief, defendant Thor Realty Holdings, LLC ("Realty Holdings") is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York.

8.      Upon information and belief, defendant Thor Asset Management Inc.

("Management") is a corporation organized under the laws of Delaware with its principal place of business in New York, New York.

9.      Upon information and belief, defendant Thor Asset Management USA LLC ("Management USA") is a limited liability company organized under the law of the New York with its principal place of business in New York, New York.

10.      Upon information and belief, defendant Thor Capital, LLC ("Capital") is a limited liability company organized under the laws of New York with its principal place of business in New York, New York.

11.      Upon information and belief, defendant Thor United Corp. ("United") is a corporation organized under the laws of New York with its principal place of business in New York, New York.

**The Thor Trademarks**

12.      Thor Equities, LLC is a prominent real estate development, management and investment firm with a well-earned national and international reputation for excellence.  Thor Realty is an affiliate of Thor Equities.

13.      Thor owns a family of service marks registered with the United States Patent and Trademark Office for real estate development, investment and acquisition services.  The registered marks ("Thor Trademarks") include THOR EQUITIES® (Registration Nos. 3,049,147, 3,049,941; issued January 24, 2006), THOR PROPERTIES® (Registration No. 3,049,939; issued January 24, 2006), and THOR URBAN® (Registration Nos. 3,050,030; 3,050,031; issued January 24, 2006).   Thor Equities also permits its affiliates to use the Thor Trademarks with permission, including Thor Realty LLC – an identical name to one of the defendants.

14.      Since 1985, Thor has used the Thor service mark in connection with the

promotion, advertising, conduct, and expansion of its business, including urban real estate investment, development, leasing and management, starting with Thor Equities® and then with related entities.

15.     Thor owns or co-owns at least 24 buildings in Manhattan, and its name and horsehead logo (registered trademarks) are displayed on the buildings.  The plaques alert the public that Thor owns the properties, and are a crucial element of Thor's leasing and branding strategy.  The signage promotes Thor's reputation and goodwill as an industry leader in commercial real estate.  Thor's activities are not limited to New York, however.  It owns properties in San Francisco, Los Angeles, Miami, Chicago, Houston, London, Cannes and Mexico City.

16.     Thor Equities received massive publicity in recent years as the owner and intended developer of prime Coney Island property.  Thor Equities has also invested substantial time and financial resources advertising and promoting the THOR® name and marks in the real estate industry.  As a result of its considerable expenditures, Thor has built up enormous name recognition and good will.

17.     By reason of Thor's extensive and substantial advertising, promotion of its business, and rendition of widespread and high-quality services under the Thor Trademarks, the Thor Trademarks have become widely known by the public as indicating the source of origin of services in Thor.  The Thor Trademarks qualify as famous marks under 15 U.S.C. §1125(c) (1).

18.     The registrations of the Thor Trademarks are valid and enforceable.

19.     The registration of the Thor Trademarks constitutes *prima facie* evidence of their validity and substance, and of Thor's ownership of, and exclusive right to use the Trademarks in commerce or in connection with real estate development, investment and acquisition services.

20.     The registration of the Thor Trademarks provides sufficient notice to defendants of Thor's ownership and exclusive rights to them.

21.     The Thor Trademarks have been continuously used and have never been abandoned.

22.     The Thor Trademarks are now deemed incontestable under 15 U.S.C. §1065 by reason of Thor's compliance with the provisions of the statute.  In addition, because such right to use has become incontestable, the registrations of the Thor Trademarks are conclusive evidence of the validity and registration of the Thor Trademarks, and of Thor's exclusive right to use the Thor Trademarks in connection with Thor's services, as provided by 15 U.S.C. §1115(b).

## Defendants' Acts of Infringement and Unfair Competition

23.     Upon information and belief, defendants adopted and commenced used of the name Thor Realty LLC in connection with real estate investments. Defendants also adopted and commenced use of the infringing names Thor Realty Holdings LLC, Thor Asset Management Inc., Thor Asset Mangement USA LLC, Thor Capital LLC and Thor United Corp., in connection with real estate investments.  In addition to using the Thor Trademarks as their corporate names, defendants are misappropriating the Thor Trademarks by using them in advertising.

24.     For a long period before the date on which defendants adopted and first used the Thor Trademarks in the manner complained of, Thor had adopted and used the Thor Trademarks in connection with the sale and advertising of its real estate development, leasing, management and investment services.

25.     Upon information and belief, defendants had actual knowledge of Thor's ownership of the Thor Trademarks before the first adoption or use by defendants of the infringing names.  Defendants did not seek or obtain Thor's permission to use the Thor

Trademarks in connection with defendants' business.  Since defendants' adoption of the Thor Trademarks, public confusion has arisen and is likely to continue as to the source, origin or sponsorship of defendants' real estate investment business.

26.     Defendants' use of the Thor name in connection with identical or nearly identical services, in the same channels of trade, is an obvious infringement of Thor's federal and state trademark rights, and is unfair competition.  Indeed, it is difficult to imagine a more clear case of infringement.  Confusion as to the source or origin of the services offered by defendants inevitably results in substantial damage to Thor, including injury to its reputation.

27.     Alarmingly, defendants' use of the Thor name threatens extreme injury to Thor's reputation as aggrieved investors brought litigations against defendants (in the United States District Court, Southern District New York), complaining that defendants' business practices include fraud and a Ponzi scheme.  (*See Ludmila Loginovskaya v. Oleg Batratchenko et. al*, 12 Civ. 336; *Tamara Strarshinova et. al. v. Oleg Batratchenko et. al*, 11 Civ. 9498; and *Nikolay Matveev v. Oleg Batrachenko et. al*, 11 Civ. 01593).

## COUNT I
## <u>TRADEMARK INFRINGEMENT (15 U.S.C. §1114)</u>

28.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 of this Complaint.

29.     Defendants have used plaintiffs' registered trademarks in commerce without authorization from plaintiffs.

30.     Such use has caused and is likely to continue to cause confusion, mistake and deception among members of the public and the trade as to the source, origin or sponsorship of defendants' services.

31.     Upon information and belief, defendants have acted with knowledge of plaintiffs'

ownership of the Thor Trademarks and with deliberate intent or willful blindness to unfairly

benefit from the incalculable goodwill symbolized by the Thor Trademarks.

32.    Defendants' acts constitute trademark infringement in violation of Section 32 of

the Lanham Act, 15 U.S.C. § 1114.

33.    Upon information and belief, defendants have made and will likely continue to

make substantial profits and gains to which they are not entitled to in law and equity.

34.    Defendants' acts have caused and will likely continue to cause irreparable damage

to Thor's reputation and goodwill.

35.    Plaintiffs have no adequate remedy at law unless defendants are permanently

restrained by the Court.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING**
**AND UNFAIR COMPETITION (15 U.S.C. §1125(a) and FEDERAL COMMON LAW)**

36.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35

of this Complaint.

37.    Plaintiffs have the exclusive right to market, brand and provide real estate

development, investment and acquisition services using the Thor Trademarks.

38.    Defendants' use of the Thor name and Thor Trademarks in advertising and

promoting its business constitutes unfair competition with Thor under 15 U.S.C. §1125(a) and

federal common law.

39.    Defendants' use of the Thor name and Thor Trademarks constitutes a false

description, representation and designation of the source of origin of defendants' business and

services.  Such use results in unfair competition with plaintiffs in that persons are likely to be

confused or misled into the belief, contrary to fact, that defendants' business and services are

sponsored by or endorsed by or emanate from plaintiffs or are otherwise connected with Thor. Such use therefore causes irreparable damage and harm to Thor and its goodwill in its trade name, trademark and service mark.

40.     Defendants' actions constitute false designation of origin or false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

41.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

42.     Defendants' actions have caused and will likely continue to cause irreparable damage to Thor's reputation and goodwill unless and until such conduct is enjoined by this Court.

43.     Plaintiffs have no adequate remedy at law unless defendants are permanently restrained by the Court.

## COUNT III
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

44.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 43 of this Complaint.

45.     The Thor Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

46.     The Thor Trademarks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

47.     Defendants' infringing use of Thor's Trademarks, without authorization from Thor, has diluted and continues to dilute the distinctive quality of Thor's Trademarks and

decrease the capacity of such marks to identify and distinguish Thor's real estate development, investment and acquisition services.

48.     Defendants have intentionally and willfully diluted the distinctive quality of the Thor Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

50.     Defendants' actions have caused and will likely continue to cause irreparable damage to Thor's reputation and goodwill unless and until such conduct is enjoined by this Court.

51.     Plaintiffs have no adequate remedy at law unless defendants are permanently restrained by the Court.

**COUNT IV**
**TRADEMARK DILUTION (N.Y. Gen. Bus. Law § 360 et. seq.)**

52.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 51 of this Complaint.

53.     The Thor Trademarks are strong and distinctive marks within the meaning of N.Y. Gen. Bus. Law §360, that have been in use for many years and have achieved enormous and widespread public recognition.

54.     Defendants' knowingly and in bad faith infringed Thor's Trademarks by their unauthorized use of the Thor name.

55.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

56.     Thor has suffered and continues to suffer from dilution of the distinctive quality of its name and marks, decreasing the capacity of such marks to identify and distinguish Thor's real estate development, investment and acquisition services, and injury to Thor's business reputation as a result of defendant's wrongful actions.

57.     Defendants' use of the Thor Trademarks, without authorization from Thor, further dilutes Thor's Trademarks by associating them with services of inferior quality, thereby tarnishing the marks.

58.     The foregoing acts of defendants constitute trademark infringement and trademark dilution in violation of N.Y. Gen. Bus. Law §§ 360-k and 360-l, respectively.

59.     Upon information and belief, defendants have made and will likely continue to make substantial profits and gains to which they are not entitled in law and equity.

60.     Defendants' acts have damages and will continue to damage plaintiffs.

61.     Plaintiffs have no adequate remedy at law unless defendants are permanently restrained by the Court.

## COUNT V
## DECEPTIVE PRACTICES AND FALSE AND MISLEADING
## ADVERTISING (N.Y. Gen. Bus. Law §§ 349 and 350)

62.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 61 of this Complaint.

63.     Defendants have been engaged in deceptive acts and practices in the conduct of a business, trade or commerce, materially misleading consumers into falsely believing that the services provided by defendants are authorized by or affiliated with plaintiffs, in violation of N.Y. Gen. Bus, Law § 349.

64.     Defendants have advertised their provision of services and are likely to continue

to do so, intentionally misleading the public in material respects and creating the false

impression that they are authorized by or affiliated with plaintiffs, causing injury to both the

public and plaintiffs, in violation of N.Y. Gen. Bus. Law § 350.

65.     Upon information and belief, defendants have made and will likely continue to

make substantial profits and gains to which they are not entitled to in law and equity.

66.     Defendants' acts have damaged and will continue to damage plaintiffs.

67.     Plaintiffs have no adequate remedy at law unless defendants are permanently

restrained by the Court.

**COUNT VI**
**TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION (New York Common Law)**

68.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 67

of this Complaint.

69.     Defendants' conduct constitutes deception by which defendants' services will be

palmed off as those of plaintiffs.  Such conduct constitutes trademark infringement and unfair

competition in violation of the common law of the State of New York.

70.     Defendants' unauthorized use of the Thor Trademarks is likely to continue to

cause further confusion to the public as to the services of the respective parties.

71.     By reason of the foregoing, defendants have infringed and continue to infringe on

plaintiffs' common law rights in the Thor Trademarks and defendants have become unjustly

enriched by such acts of infringement.

72.     Defendants' unlawful conduct has been and will continue to be willful or willfully

blind to plaintiffs' rights, as defendants have reason to know of plaintiffs' rights.

## COUNT VII
## UNJUST ENRICHMENT

73.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 72 of this Complaint.

74.     Defendants have unjustly retained profits from the rendition of services using the Thor Trademarks.

75.     Defendants' acts constitute unjust enrichment at plaintiffs' expense in violation of the common law of New York.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgments against defendants as follows:

A.      Adjudging that defendants:

1.      Violated the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), with respect to the Thor Trademarks;

2.      Violated 15 U.S.C. § 1125(a) and 1125(c) with respect to the Thor Trademarks;

3.      Violated the New York General Business Law §§ 349, 350, 360-k and 360-l with respect to the Thor Trademarks;

4.      Violated New York General Business Law §§ 349-350; and

5.      Engaged in trademark infringement and unfair competition in violation of federal and New York common law.

B.      Granting an injunction pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, N.Y. Gen. Bus. Law §§ 349(h) and 360-m, permanently restraining and enjoining defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or

participation with them from:

        1.    Using the Thor Trademarks or the name "Thor" in connection with the promotion, advertising, conduct and expansion of defendants' business, and in particular in connection with defendants' real estate investment business, and engaging in any other activity constituting an infringement of any of plaintiffs' rights in the Thor Trademarks;

        2.    Engaging in any other activity constituting unfair competition with plaintiffs or acts and practices that deceive consumers, the public, and/or trade; and

        3.    Engaging in any other activity that will cause the distinctiveness of the Thor Trademarks to be diluted;

    C.    Requiring defendants to file with this Court and to serve on plaintiffs within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

    D.    Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public and/or the trade from deriving any erroneous impression that any service at issue in this action that was advertised, marketed, promoted, supplied, or offered by defendants using the Thor Trademarks was sponsored by or endorsed by or emanated from plaintiffs or was otherwise connected with plaintiffs;

    E.    Awarding plaintiffs their actual damages, ordering defendants to account to and pay to plaintiffs all profits realized from their wrongful acts, and directing such profits or actual damages be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117, and N.Y. Gen. Bus. Law §§ 349(h) and 360-m;

    F.    Awarding plaintiffs punitive damages to which they are entitled under applicable federal or state laws;

G.      Awarding plaintiffs their costs, attorneys' fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act, 15 U.S.C. §1117 and N.Y. Gen. Bus. Law §349(h) and 360-m;

H.      Awarding plaintiffs pre-judgment interest on any monetary award made part of the judgment against defendants; and

I.      Awarding plaintiffs such additional and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues that are so triable.

MATALON ♦ SHWEKY ♦ ELMAN PLLC

By: _____

Joseph Lee Matalon
nycourts@trial-lawyer.org
450 Seventh Avenue, 33rd Floor
New York, New York 10123
(212) 244-9000
*Attorneys for Plaintiffs*
*Thor Realty LLC and*
*Thor Equities, LLC*

June 12, 2013