MATALON ♦ SHWEKY ♦ ELMAN PLLC
450 Seventh Avenue, 33d Floor
New York, New York 10123
(212) 244-9000
*Attorneys for Plaintiffs*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/02/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X-
THOR REALTY LLC and THOR EQUITIES, LLC,

                         Plaintiffs,

    -against-

THOR REALTY, LLC, THOR REALTY
HOLDINGS, LLC, THOR ASSET
MANAGEMENT INC., THOR ASSET
MANAGEMENT USA LLC,
THOR CAPITAL, LLC,
and THOR UNITED CORP.,

                       Defendants.
------------------------------------------------------------X

Civil Action No.: 13 CV 4031 (JMF)
ECF Case

[PROPOSED] CONSENT
PERMANENT INJUNCTION
AND FINAL JUDGMENT

      Plaintiffs THOR REALTY LLC and THOR EQUITIES, LLC (collectively "Plaintiffs") and Defendants THOR REALTY HOLDINGS, LLC, THOR ASSET MANAGEMENT, INC., THOR CAPTIAL, LLC and THOR UNITED CORP. (collectively "Defendants"), hereby stipulate as follows:

      WHEREAS, Plaintiffs own a family of service marks registered with the United States Patent and Trademark Office for real estate development, investment and acquisition services ("Thor Trademarks"), including THOR EQUITIES® (Registration Nos. 3,049,147, 3,049,941; issued January 24, 2006), THOR PROPERTIES® (Registration No. 3,049,939; issued January 24, 2006), and THOR URBAN® (Registration Nos. 3,050,030; 3,050,031; issued January 24, 2006); and

WHEREAS, in 2000 through 2005, Defendants adopted and commenced use of the infringing names Thor Realty Holdings LLC, Thor Asset Management Inc., Thor Capital LLC and Thor United Corp. ("Infringing Names"), as their corporate names, in connection with real estate investments and related services;

WHEREAS, on or about June 12, 2013, Plaintiffs commenced this action (the "Action") against Defendants and others for unfair competition and trade name, trademark and service mark infringement of the Thor Trademarks; and

WHEREAS, the Complaint demanded an injunction pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, and N.Y. Gen. Bus. Law §§ 349(h) and 360-m, permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them from (1) using the Thor Trademarks or the name "Thor" in connection with the promotion, advertising, conduct and expansion of Defendants' business, and in particular in connection with Defendants' real estate investment business, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in the Thor Trademarks; (2) engaging in any other activity constituting unfair competition with plaintiffs or acts and practices that deceive consumers, the public, and/or trade; and (3) engaging in any other activity that will cause the distinctiveness of the Thor Trademarks to be diluted; and

WHEREAS, Plaintiffs and Defendants have been afforded the opportunity to consult with, and having consulted with, attorneys of their own choice in connection with the execution of this Permanent Injunction, and having relied upon the advice of such attorneys in connection with the execution of this Permanent Injunction; and

WHEREAS, Plaintiffs and Defendants have agreed to a consensual resolution of the

Action;

NOW, THEREFORE, upon consent of the Parties, and in consideration of the promises, covenants and agreements set forth below and for other good and valuable consideration, the adequacy and sufficiency of which the Parties acknowledge, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. This Court has personal jurisdiction over each of the Parties and over the subject matter in issue. Venue is proper in this Court.

2. Defendants, including each of them and their officers, directors, agents, servants, employees, attorneys, principals, direct and indirect shareholders, members, representatives, parents, affiliates, subsidiaries and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained, directly and indirectly, from doing, authorizing or procuring any persons to do any of the following:

(a) using the Thor Trademarks, or any marks confusingly similar thereto, or the Infringing Names in connection with any advertising, marketing, promotion, distribution, offer for sale, or sale of services or goods, anywhere in the world, except Russia and Nevis; and

(b) engaging in any other activity constituting unfair competition with Plaintiffs or acts and practices that deceive consumers, the public, and/or trade into the belief that Defendants' businesses and services are sponsored by or endorsed by or emanate from Plaintiffs or are otherwise connected with Plaintiffs; and

(c) conducting business under the following corporate names, or reviving the inactive status of the following entities, unless such names shall be changed to delete "Thor" (or anything confusingly similar thereto) from such names: Thor Realty Holdings LLC, Thor Asset Management Inc., and Thor Capital LLC.

3. Defendants shall give notice of this Permanent Injunction to (a) each of Defendants' respective officers, agents, servants, employees, attorneys, principals, direct and indirect shareholders, and (b) all persons with whom Defendant communicate regarding any actual or potential transfer of any ownership interest in them or any interest in any of their significant assets, and to all successors, transferees, licensees, or other assignees, and all those persons in active concert or participation with each of them.

4. Defendants must file a report on its progress with the Court within 30 days of the entry of this Permanent Injunction (a) certifying that Defendants have made the appropriate filings with the Delaware Division of Corporations and the New York Department of State to change the names of Thor United Corp. and Thor Real Estate Management LLC, and that Defendants have stopped using the Infringing Names anywhere in the world, except Russia and Nevis, (b) identifying what steps have been taken to comply with the requirements of Paragraphs 2 and 3, and (c) identifying what further steps are in the process of being made or will be made to comply with the requirements of Paragraphs 2 and 3.

5. Any person or entity found to be in violation of this Injunction shall be subject to applicable penalties and punishments allowed by law, including without limitation for Contempt of Court.

6. This Consent Injunction shall be permanent, shall survive the dismissal of the Action. The Court shall retain jurisdiction to the extent necessary to enforce this Injunction by way of contempt or otherwise, and determine any issues that may arise thereunder. This Permanent Injunction shall be enforceable against Defendants' affiliates, subsidiaries and related companies.

7. In the event of a violation of this Permanent Injunction, the party or parties

participating in such violations shall pay to Plaintiffs for Plaintiffs' reasonable attorneys' fees and costs of this action, as well as any enforcement or contempt proceedings against such party or parties. For any future proceeding to enforce the terms of this Permanent Injunction, service by regular mail or email, upon a party or its signatory hereto, at their last known physical or email address shall be deemed adequate notice for each party.

8. No security shall be required with respect to the entry of any of the provisions of this Permanent Injunction.

9. The parties have waived the right to appeal from this final judgment and each party shall bear their own costs and attorneys' fees relating to this action.

Dated: October 1, 2013

AGREED AND CONSENTED TO:

MATALON ♦ SHWEKY ♦ ELMAN PLLC

By: _____
    JOSEPH LEE MATALON
450 Seventh Avenue, 33rd Floor
New York, New York 10123
(212) 244-9000
*Attorneys for Plaintiffs Thor Realty LLC and Thor Equities, LLC*


OLEG BATRATCHENKO:

_____
*Member, Shareholder and Director
for Defendants Thor Realty Holdings, LLC, Thor Asset Management, Inc., Thor Capital, LLC
and Thor United Corp.*


SO ORDERED AND ADJUDGED:

_____
JESSE M. FURMAN
United States District Judge
October 2, 2013

5